UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

B.A.P.S.,

Petitioner,

v.

ANDRE QUINONES, et al.

Respondents.[1]

C26-4061 TSZ

ORDER

THIS MATTER comes before the Court on B.A.P.S.'s petition for a writ of habeas corpus, docket no. 1. Having reviewed all papers filed in relation to the petition, the Court enters the following order.

**Background**

In September 2023, B.A.P.S. was detained by the U.S. Department of Homeland Security and subsequently released on an Order of Release on Recognizance ("OREC"). *See* Ex. 1 to Easton Decl. (docket no. 16-1). On October 19, 2026, with no notice or

[1] Under Federal Rule of Civil Procedure 25(d), Andre Quinones is substituted for Julio Hernandez. *See* Notice (docket no. 14).

opportunity to be heard, B.A.P.S. was re-detained by immigration enforcement officers in Oregon. *See* Pet. ⁋ 1 (docket no. 1). Counsel for B.A.P.S. filed a petition for habeas corpus that same day in the District of Oregon. *See id.* ⁋ 42. B.A.P.S. was immediately transferred, however, to the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. *See* Notice of Prior Removal (docket no. 5). B.A.P.S's petition was then transferred to this District for further proceedings. *See* Order Granting Motion to Change Venue (docket no. 8).

On October 23, 2026, this Court issued its standard scheduling order pursuant to 28 U.S.C. § 2243, directing the respondents to show cause why the petition should not be granted. *See* Scheduling Order (docket no. 11). That same day, a Special Assistant U.S. Attorney filed a notice of appearance in this case. *See* Notice of Appearance (docket no. 13). A few days later, on October 26, 2026, the United States Attorney's Office ("USAO") for the Western District of Washington sent a letter to the District's Chief Judge explaining that the USAO no longer intends to appear in or defend every habeas action filed in this District. *See Singh v. Blanche*, 2026 WL 3374205, at *1–2 (W.D. Wash. Nov. 7, 2026) (reproducing a copy of this letter).

On November 6, 2026, the date a response was due under this Court's scheduling order, counsel for the federal respondents filed a notice that reads in full: "Federal Respondents will not be filing a return to Petitioner's petition for habeas corpus." Notice (docket no. 14).

**Discussion**

The Court has authority to grant a writ of habeas corpus to an individual who is "in custody in violation of the Constitution or law or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3).

In his habeas petition, B.A.P.S. alleges that he is being detained in violation of due process. *See* Pet. ¶¶ 85–86 (docket no. 1); Reply at 3–6 (docket no. 15). The Court ordered that "Respondents *shall* file a return to the habeas petition no later than November 6, 2026." Scheduling Order (docket no. 11) (emphasis added). This order is in keeping with 28 U.S.C. § 2243, which requires a court to "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." The statute requires that the person to whom an order to show cause is directed "*shall* make a return certifying the true cause of the detention." *Id.* (emphasis added); *see KalshiEX, LLC v. Assad*, 190 F.4th 1098, 1117 (9th Cir. 2026) ("[T]he word 'shall' has traditionally been interpreted as mandatory direction in a statute." (quoting *In re Thrift Shoe Co., Inc.*, 502 F.2d 1211, 1213 (9th Cir. 1974))). The federal respondents in this case have chosen to either (i) not comply with their obligations under the statute and this Court's order, or (ii) concede that the petitioner is entitled to relief. *See* Notice (docket no. 14). The Court accordingly "construes the habeas petition as intentionally unopposed." *See Singh*, 2026 WL 3374205, at *1; *Singh v. Mullin*, 2026 WL 3409217, at *2 (W.D. Wash. Nov. 10, 2026).

Petitioner has shown that he is entitled to relief. Courts in this District generally apply the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine if due process has been violated when a noncitizen is released on an OREC and later re-detained without a pre-deprivation hearing. *See, e.g.*, *Reyes v. Hermosillo*, 2026 WL 507678, at *2–3 (W.D. Wash. Feb. 24, 2026) (citing *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320–24 (W.D. Wash. 2025)); *Singh*, 2026 WL 3409217, at *2. All three of the *Mathews* factors weigh in petitioner's favor here: (i) he has a protected liberty interest in not remaining in NWIPC; (ii) the absence of a pre-deprivation procedures created an unacceptably high risk of erroneous deprivation; and (iii) the governmental interest in petitioner's re-detention without a hearing is minimal or nonexistent. *See O.A. v. Hermosillo*, 2026 WL 412292, at *2–3 (W.D. Wash. Feb. 13, 2026); *E.A. T.-B.*, 795 F. Supp. 3d at 1321–24.

Because petitioner has shown entitlement to relief, and because the government offers no argument to the contrary, the Court GRANTS the petition and ORDERS the immediate release of petitioner B.A.P.S.

**<u>Conclusion</u>**

For the foregoing reasons, the Court ORDERS:

(1) The petition for a writ of habeas corpus, docket no. 1, is GRANTED. Within twenty-four (24) hours of the entry of this Order, respondents shall RELEASE petitioner B.A.P.S. from custody at the NWIPC;

(2) Within seventy-two (72) hours of the entry of this Order, counsel for the federal respondents shall file a declaration confirming that petitioner has been released from custody;

(3) Petitioner shall not be re-detained without at least seven (7) days' advance written notice and a pre-deprivation hearing before a neutral decisionmaker unless (a) probable cause exists for believing petitioner has committed or is attempting to commit a criminal offense, or (b) petitioner is subject to an order of removal that is both administratively and judicially final within the meaning of 8 U.S.C. § 1231(a)(1)(B) for purposes of computing the removal period referenced in 8 U.S.C. § 1231(a)(2)(A); and

(4) The Clerk is directed to enter judgment consistent with this Order after the declaration required by Paragraph 2, above, has been filed, and to send a copy of this Order and the Judgment to all counsel of record.

IT IS SO ORDERED.

Dated this 13th day of November, 2026.

Thomas S. Zilly
United States District Judge